IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES LEON MILLER,

    Plaintiff,

    v.                                              CASE NO. 18-3100-SAC

LARRY BILLMAN,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at El Dorado Correctional Facility in Oswego, Kansas ("EDCF"). He alleges that his Eighth Amendment rights were violated by Defendant Billman's use of excessive force and deliberate indifference to his medical needs.

Plaintiff alleges that on May 8, 2017, he was in excruciating pain and asked Defendant Billman to call the clinic. Defendant refused and told Plaintiff to submit a sick call request. Plaintiff informed Defendant Billman that he had made a request two days prior and attempted to show Defendant Billman a letter from a nurse. Plaintiff alleges that this encounter resulted in Defendant Billman using excessive force in placing handcuffs on Plaintiff extremely tight, causing pain and injuries.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of EDCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court

orders the appropriate officials of EDCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**I. Motion for Appointment of Counsel**

Plaintiff filed a motion for appointment of counsel (Doc. 4), alleging that he is indigent, and that he has limited knowledge of the law. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## II. Motion for Preliminary Injunction/TRO

Plaintiff also filed an "Order to Show Cause for an Injunction and Temporary Restraining Order" (Doc. 9), which appears to be a proposed order to show cause for the Court's signature. Plaintiff seeks to have the Court enter the draft order, requiring Defendant Billman to show cause why a preliminary injunction should not be entered to enjoin Defendant Billman from having contact with Plaintiff.

"A TRO preserves the status quo and prevents immediate and irreparable harm until the court has an opportunity to pass upon the merits of a demand for a preliminary injunction." *Flying Cross Check, LLC v. Central Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1258 (D. Kan. 2001). A TRO "is an emergency remedy, which is reserved for exceptional circumstances and lasts only until the Court can hear arguments or evidence regarding the controversy." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citation omitted). The Court may issue a TRO without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian*, 2011 WL 6026148, at *3. Plaintiff must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Id.*; *see also Hicks v. Jones*, 332 F. App'x 505, 507–08 (10th Cir. 2009).

Plaintiff has not made the requisite showing for entry of a TRO. Plaintiff does not set forth specific facts in an affidavit or verified complaint clearly showing that immediate and irreparable

injury, loss, or damage will result before the adverse party can be heard. Plaintiff must also establish a relationship between the injury claimed in his motion and the claims alleged in his complaint. To the extent Plaintiff seeks a TRO, the Court will deny that request.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

Plaintiff makes no argument regarding the need for a preliminary injunction. Plaintiff does not allege that injury is "certain . . . and not theoretical." *See Heideman*, 348 F.3d at 1189. He has not alleged that injury is more than "merely feared as liable to occur at some indefinite time in the future." *See Connecticut*, 282 U.S. at 674.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right

4

to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. At this point in the proceedings, Plaintiff's claims have not survived the initial screening required by 28 U.S.C. § 1915. For this reason, Plaintiff's motion for injunctive relief is denied at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunction and temporary restraining order (Doc. 9) is **denied.**

**IT IS FURTHER ORDERED** that**:**

(1)     The Clerk of Court shall serve Defendant Larry Billman under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2)     Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendant shall have an additional **sixty (60) days** to answer or otherwise respond to the Complaint.

(3)     Officials responsible for the operation of EDCF are directed to undertake a review of the subject matter of the Complaint:

      a.     To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of EDCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendant, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 13th day of August, 2018.**

<pre>                        s/ Sam A. Crow
                        SAM A. CROW
                        U. S. Senior District Judge</pre>